Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 669 | **DATE** | 7/11/2000 |
| **CASE TITLE** | David Mielke, et al. vs. Laidlaw Transit, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [21-1] is denied. Defendant has thirty days from entry of this opinion to explain why we should not enter summary judgment in favor of the plaintiffs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 2 2000 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MIELKE, BARBARA BOYER, ASTELLA GOAD, MARY ANN SCHMIEDER, KAREN HARNEW, MILDRED JENSEN, MICHELLE TRAHAN, GESUALDA M. DENSFORD, ROSEMARY FULLONE, <br><br> Plaintiffs, <br><br> v. <br><br> LAIDLAW TRANSIT, INCORPORATED, <br><br> Defendant. | No. 00 C 669 <br><br> Judge Ruben Castillo |

DOCKETED
JUL 1 2 2000

## MEMORANDUM OPINION AND ORDER

The plaintiffs, nine bus drivers, sue their employer, Laidlaw Transit, Inc., for unpaid overtime pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Laidlaw seeks summary judgment on the grounds that, under the Motor Carrier Act (MCA), 29 U.S.C. § 213(b)(1), it is exempt from the "time and a half" provision of the FLSA because the Department of Transportation has the power to regulate it. We conclude, however, that Laidlaw is not entitled to judgment because the plaintiffs are school bus drivers, a category of employees that Congress removed from the Transportation Department's jurisdiction. 49 U.S.C. § 13506(a)(1).

### FACTS

Most of the facts in this case are undisputed. To the extent that the parties disagree about facts, we will highlight the conflict and, for purposes of resolving this motion, read the record in the light most favorable to the plaintiffs.

Laidlaw is a charter bus company with a branch in Schaumburg, Illinois; the Schaumburg branch employs the plaintiffs. Although Laidlaw charters bus trips across state lines and the plaintiffs have on occasion driven interstate charter trips, each plaintiff's primary job is to transport school children to and from school. Moreover, many of the interstate charter trips performed by the plaintiffs involved school-sponsored events, such as field trips and sports competitions. For example, of the fifteen interstate trips Ms. Boyer drove between April 1997 and May 1999, eleven were for school-sponsored events. (R. 32, Pls.' Ex. A, Boyer Aff. at ¶ 9.) Likewise, seven of the eight interstate trips Ms. Jensen drove were school related, and each of the fourteen interstate trips performed by Mr. Mielke was for a school-related event. (R. 32, Pls.' Ex. F, Jensen Aff. at ¶ 9; Ex. G, Mielke Aff. at ¶ 9.)

## LEGAL ANALYSIS

Summary judgment is appropriate only when the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As stated earlier, the majority of facts in this case are undisputed; however, where a conflict exists, we will view the evidence in the light most favorable to the nonmovants and make all reasonable inferences in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

As a general matter, the FLSA requires employers of employees engaged in interstate commerce to pay those employees overtime "at a rate no less than one and one-half times the regular rate." 29 U.S.C. § 207(a). "Overtime" is defined as a "workweek longer than forty hours." 29 U.S.C. § 207(a). But, as all employees know, Congress has exempted a broad range of employees from the "time and a half" rule. *See, e.g.,* 29 U.S.C. § 213(a)(1)-(17); § 213(b)(1)-

(30). As relevant here, "[t]he provisions of section 207 of this title shall not apply . . . to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to [49 U.S.C.] § 31502." 29 U.S.C. § 213(b)(1). Title 49, § 13501 gives the Secretary of Transportation jurisdiction over motor carriers, and § 31502 empowers the Department to set qualifications and hours for employees of a motor carrier.

Laidlaw contends, and the plaintiffs do not appear to dispute, that it is a motor carrier.[1] Thus, according to Laidlaw, the plaintiffs are employees over whom the Department of Transportation has the power to set qualifications and hours and, under § 213(b)(1), the FLSA's time-and-a-half provision does not apply to them. In other words, Laidlaw maintains that it is exempt from § 207's time-and-a-half provision by virtue of § 213(b)(1).

The plaintiffs apparently concede Laidlaw's analysis up to this point but believe it must be taken one step further. Specifically, the plaintiffs assert that the Secretary of Transportation does not have any jurisdiction over them because they are school bus drivers. In the jurisdictional section of Title 49, Congress expressly exempts school bus operations from the Secretary of Transportation's regulatory power: "Neither the Secretary [of Transportation] nor the [Surface Transportation] Board has jurisdiction under this part[2] over a motor vehicle

---

[1] Laidlaw actually contends that it is a "motor common carrier," as opposed to a "motor contract carrier." (R. 16, Laidlaw Mem. at 5 n.1.) In 1995, however, Congress obliterated the distinction when it passed the ICC Termination Act. S. Rep. No. 104-176, at 23 (1995) ("The bill would eliminate the regulatorily-created distinction between common and contract motor carriers.").

[2] As used in § 13506, "this part" refers to Part B (Motor Carriers, Water Carriers, Brokers, and Freight Forwarders) of Subtitle IV (Interstate Transportation) of United States Code

transporting only school children and teachers to or from school." 49 U.S.C. § 13506(a)(1); *see also* 49 C.F.R. § 930.3(f)(1) ("Unless otherwise specifically provided, the rules in this subchapter[3] do not apply to [a]ll school bus operations as defined in § 390.5."). The phrase "to or from school" includes transportation to or from school-sponsored events. *Barker's School Bus Serv., Inc.*, 129 M.C.C. 588, 590 (I.C.C. 1977).

Laidlaw responds that the § 13506 exception for school bus drivers from the Transportation Department's jurisdiction over motor carriers applies only to tariff, licensing, and rate regulation, not to regulations governing motor carrier employees' qualifications and maximum hours of service. It advances two arguments in support of this position.

Laidlaw's first argument relies on a former version of the school bus exception, which explicitly reserved jurisdiction over qualifications and maximum hours of service for school bus drivers to the ICC. 49 U.S.C. § 203(b)(1) (West 1970) ("Nothing in this chapter, except the provision of section 304 of this title relative to qualifications and maximum hours of service of employees and safety of operations standards of equipment shall be construed to include motor vehicles employed solely in transporting school children and teachers to or from school.") (quoted in *United States v. Chartered Bus Serv., Inc.*, 329 F. Supp. 1073, 1074 (E.D. Va. 1971).

---

Title 49. When Congress abolished the Interstate Commerce Commission in 1995, it transferred the ICC's duties (at least those duties not repealed under the ICC Termination Act) to the Secretary of Transportation and the Surface Transportation Board. In so doing, Congress divided those duties into two parts according to the regulated entity: Part A (comprised of Chapters 101-199, codified at 49 U.S.C. §§ 10101-11908) governs rail carriers; Part B (comprised of Chapters 131-149, codified at 49 U.S.C. §§ 13101-14914) governs, among others, motor carriers like Laidlaw.

[3] As used in § 390.3(f), "subchapter" refers to the Department of Transportation's regulations pertaining to motor carrier safety.

Page 4

Congress, obviously, deleted this language from the current school bus exemption. Thus, not only is the deleted jurisdictional reservation inapplicable to our inquiry, but it actually cuts against Laidlaw's position. We simply cannot credit the argument that, although Congress deleted the reservation language, it clearly intended the reservation to continue.

Laidlaw's second argument (and its resolution) is even more convoluted than the statutory scheme already discussed. Laidlaw points to 49 U.S.C. § 31502(b)(1), which empowers the Transportation Department to "prescribe requirements for qualifications and maximum hours of service of employees of . . . a motor carrier." Section 31502 applies to "transportation described in sections 13501 and 13502 of [Title 49]." 49 U.S.C. § 31502(a). Section 13501 grants general jurisdiction to the Transportation Department over motor carriers transporting passengers and property in interstate commerce.

Laidlaw contends that this statutory structure, which allows the Department to regulate qualifications and maximum hours of transportation listed in §§ 13501 and 13502 without mentioning the exceptions in § 13506, demonstrates that Congress intended the Department to regulate maximum hours of service for motor carriers regardless of any other jurisdictional provision. But § 13506 states that school bus operations are exempt under "this part," namely Part B, the provisions defining the Transportation Department's jurisdiction with regard to motor carriers. Section 13506 excepts school bus operations from the jurisdictional grant of § 13501. Thus, the reference in § 31502, which empowers the Department to regulate qualifications and hours of motor carriers, to § 13501 "motor carriers" does not include school bus drivers.

This apparently is an issue of first impression in the federal courts. We can find no cases addressing the impact of § 13506(a)(1) (excepting school bus drivers from the Department's

jurisdiction) on the Motor Carrier Act, 29 U.S.C. § 213(b)(1) (exempting motor carriers from the FLSA) and the FLSA's time and a half provision, nor have the parties referred us to any. However, some courts have addressed the applicability of the FLSA to other types of motor carriers whose employees are excepted from the Department's jurisdiction via regulation. *See, e.g., Trocheck v. Pellin Emergency Med. Serv., Inc.*, 61 F. Supp.2d 685 (N.D. Oh. 1999) (Transportation Department regulation 49 C.F.R. § 390.3(f)(4) excepts ambulance drivers from Motor Carrier Act exemption, thus FLSA provisions apply); *Bayles v. American Med. Response of Colo., Inc.*, 937 F. Supp. 1477 (D. Colo. 1996) (same); *see also Ace Auto Body & Towing, Ltd. v. City of New York*, 171 F.3d 765, 776 (2d Cir. 1999) (stating that, under § 13506(b)(1), the "Secretary of Transportation lacks jurisdiction over municipal corporations and emergency towing"); *R. Mayer of Atlanta, Inc. v. City of Atlanta*, 158 F.3d 538, 543 (11th Cir. 1998) (stating § 13506 "lists several narrowly defined exceptions to the ICA's general grant of jurisdiction to the Secretary of Transportation and the Surface transportation Board"); *Shorts v. UPS*, No. 3:97 CV 682R, 1999 WL 118791 (N.D. Tex. Feb. 25, 1999) (Section 13506(a)(8) excepts transportation of property by an air carrier from Department's motor carrier jurisdiction in context of Carmack Amendment lawsuit).

These cases, particularly *Trocheck* and *Bayles*, support our conclusion that the FLSA applies to a motor carrier's employees when those employees are excepted from the Transportation Department's jurisdiction, whether by operation of statute or regulation. In fact, 49 C.F.R. 390.3(f), which the courts in *Trocheck* and *Bayles* relied upon to hold that ambulance drivers are not subject to the Department's power to set qualifications and hours, also excepts "[a]ll school bus operations" from the Transportation Department's jurisdiction. The

Page 6

Transportation Department does not have jurisdiction over school bus operations and, therefore, does not have the power to set qualifications and hours for school bus drivers. Thus, Laidlaw is not exempt under the Motor Carrier Act, 29 U.S.C. § 213(b)(1), from the FLSA's overtime provision, 29 U.S.C. § 207.

## CONCLUSION

Because the plaintiffs here are school bus drivers, pursuant to 49 U.S.C. § 13506(a)(1), the Transportation Department does not have jurisdiction over them. Thus, the Department does not have the power to set their qualifications and hours, and the Motor Carrier Act exemption, found in 29 U.S.C. § 213(b)(1), does not bar the plaintiffs' FLSA suit. For these reasons, we deny the Laidlaw's summary judgment motion. (R. 21-1.)

Given our conclusion, however, the plaintiffs appear to be entitled to judgment, at least on the issue of Laidlaw's liability under the FLSA. Laidlaw has thirty days from entry of this opinion to explain why we should not enter summary judgment in favor of the plaintiffs.

**Entered:**

Judge Ruben Castillo
**United States District Court**

**Date: July 11, 2000**