# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 669 | **DATE** | 3/3/2004 |
| **CASE TITLE** | David Mielke, et al. vs. Laidlaw Transit, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ___ ___.

(3) ☐ Answer brief to motion due ___ ___. Reply to answer brief due ___ .

(4) ☐ Ruling/Hearing on ___ ___ set for ___ ___ at ___ .

(5) ■ Status hearing set for 3/23/2004 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___.

(7) ☐ Trial[set for/re-set for] on ___ at ___ ___.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to deny certification of a collective action [184-1] is granted in part and denied in part. Defendant's motion to strike the class allegations from the amended complaint [184-2] is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 0 4 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | | | 202 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| | | | | | |
| | | courtroom deputy's initials | | date mailed notice | |
| RO | | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

DAVID MIELKE, *et al.*,  )
                          )
　　　Plaintiffs,          )
                          )　　　No. 00 C 669
　　　v.                   )
                          )　　　**Judge Ruben Castillo**
LAIDLAW TRANSIT, INC.,    )
                          )
　　　Defendant.           )

## MEMORANDUM OPINION AND ORDER

Presently before this Court is Defendant Laidlaw Transit Inc.'s ("Laidlaw") Motion to

Deny Certification of a Collective Action, (R. 184-1), and its Motion to Strike the Class

Allegations from the Amended Complaint, (R. 184-2). For the reasons provided below, we

partially grant and partially deny Laidlaw's motion to deny certification. We refuse to certify

Plaintiff's proposed collective action, but we certify a collective action that consists of the named

Plaintiffs and the Baltimore claimants. Accordingly, we deny Laidlaw's motion to strike the

class allegations because we have certified a collective action.

### RELEVANT FACTS

The named Plaintiffs are nine school-bus drivers at Laidlaw's Schaumburg, Illinois

terminal. In February 2000 Plaintiffs filed a complaint alleging that, although they regularly

worked in excess of forty hours during a given work week, Laidlaw did not pay any employee

overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 207.

(R. 3, Am. Compl. ¶¶ 11-12.) Plaintiffs further alleged that Laidlaw had a "policy of not paying

time and a half for overtime wages" and that it "applied its policy . . . to its other employees in

the same manner as it applied the policy to the named Plaintiffs." (*Id.* ¶ 14.) Laidlaw promptly

moved for summary judgment arguing that, under the Motor Carrier Act, 29 U.S.C. § 213(b)(1), it can only be regulated by the Department of Transportation. (R. 21, Def.'s Mot. for Summ. J.) Laidlaw claimed, therefore, that it was exempt from the FLSA's overtime provisions. (*Id.*) We denied Laidlaw's motion after concluding that Laidlaw was not exempt from the FLSA's overtime provisions because Congress removed school-bus drivers from the Department of Transportation's jurisdiction. *Mielke v. Laidlaw Transit, Inc.*, 102 F. Supp. 2d 988, 992 (N.D. Ill. 2000). Appropriately, we found that Plaintiffs were entitled to a judgment as a matter of law on the issue of liability. (R. 47, August 10, 2000 Min. Order.)

In August 2000 this Court held that notice of the lawsuit could be sent to all similarly-situated employees in all Laidlaw facilities throughout the United States. We also permitted Plaintiffs to take discovery to identify the similarly-situated employees. In October 2001 Laidlaw filed a motion to decertify the proposed class. (R. 76-1, Def.'s Mot. to Decertify.) We denied Laidlaw's motion and instead authorized Plaintiffs to notify the potential members of the collective action. (R. 88-1, Mar. 15, 2002, Min. Order.) This decision was based on the FLSA's broad remedial purpose and the fact that Plaintiffs had sufficiently identified more than 6,000 potentially similarly-situated bus drivers. (*Id.*) We emphasized, however, that our ruling did not ensure class certification under the FLSA and noted that "much more discovery is needed in this case before we can conclusively determine whether plaintiffs and other potential class members are similarly situated." (*Id.*) In May 2002 Plaintiffs sent notice to 6,038 potential opt-in claimants. Only 650 of the potential opt-in claimants attempted to opt-in, and only eighty-four of these claimants remain in the potential class.

2

These eighty-four claimants work in thirty-eight Laidlaw terminals in twenty different

states. (R. 186, Def.'s Mem. at 15.) Each claimant is a bus driver, who was paid an hourly wage

and who generally worked similar driving routes—to and from school and school-related

activities. (R. 194, Pls.' Resp. at 6.) Each Laidlaw terminal, and its managers, are largely

autonomous. (R. 186, Def.'s Mem., Ex. B, Mikalunas Decl. ¶¶ 11-12, Ex. C, Schilling Decl.,

¶¶ 11-12.) The local managers make all decisions regarding the operation of their terminals.[1]

(*Id.*) Additionally, fifteen of the thirty-eight terminals are unionized and, thus, subject to

collective bargaining agreements, which govern the employees' terms of employment, including

wage and overtime payments. (*Id.* at 15.)

Even though Plaintiffs alleged that Laidlaw has a uniform policy of not paying overtime,

the claimants confirmed that Laidlaw did not have a uniform overtime policy. Sixty-one of them

had no knowledge of such a policy, and eight of them knew that Laidlaw paid overtime at other

terminals. (*Id.*, Ex. F, Table.) Eighteen claimants stated that it was Laidlaw's policy to pay

overtime and employees in eighteen terminals claim to have actually received overtime pay.

(*Id.*, Exs. G, H, Tables.) Plaintiffs acknowledged in their reply brief that the reason Laidlaw

failed to pay overtime varied from terminal to terminal and was not "based upon a single,

uniform policy or decision." (R. 194, Pls.' Resp. at 6.)

## ANALYSIS

Pursuant to section 16(b) of the FLSA, plaintiffs may bring a collective action on behalf

of themselves "and other employees similarly situated." 29 U.S.C. § 216(b). Neither the FLSA

---

[1] Laidlaw, however, does attempt to implement its policies (including its overtime
policy) uniformly throughout its facilities, but the success of that implementation is dependent on
the local managers. (R. 186, Def.'s Mem., Ex. B, Mikalunas Decl. ¶¶ 9-10, Ex. C, Schilling
Decl., ¶ 9-10.)

nor the regulations promulgated thereunder define the term "similarly situated," so courts have developed various methodologies and criteria for determining whether an FLSA lawsuit should proceed as a collective action. The majority of courts have employed, or implicitly approved, a two-step *ad hoc* method.[2] Indeed, we implicitly adopted this methodology when we ruled on Plaintiffs' motion to issue notice to potential opt-in claimants. (R. 88-1.)

Under step one of the *ad hoc* test, notice is sent out to potential opt-in claimants under a lenient interpretation of the "similarly situated" requirement. *Mooney*, 54 F.3d at 1213-14. Plaintiffs only need to make a minimal showing that others in the potential class are similarly situated. At the second step, which typically occurs after the parties have engaged in discovery and the defendant has moved to deny certification, the court's inquiry is more stringent. *Thiessen*, 267 F.3d at 1103. Generally, district courts have considered three factors when determining whether the proposed opt-in claimants are similarly situated: (1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns. *Moss*, 201 F.R.D. at 409.

In this case, the parties primarily focus on the first factor, but they also discuss the other two factors. The claimants are similar to the named Plaintiffs and each other to the extent that they are all school-bus drivers, but beyond this similarity they are quite different. The opt-in claimants work in thirty-eight different terminals, which are each operated by different local,

---

[2] *See Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass 2001); *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D. Pa. 2000); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

4

autonomous managers and under different collective bargaining arrangements. *See Ray v. Motel 6 Operating, Ltd. P'ship*, No. 3-95-828, 1996 WL 938231, at *4 (D. Minn. March 18, 1996). In addition to these employment differences, the facts underlying the claimants' claims are even more disparate. Plaintiffs even acknowledge that the reason Laidlaw failed to pay overtime was not "based upon a single, uniform policy or decision." (R. 194, Pls.' Resp. at 6.) Thus, the individuals in Plaintiffs' proposed collective action have disparate factual and employment settings.

Even though a plaintiff is generally "required to produce substantial evidence of a single decision, policy or plan," Plaintiffs allege that the similarities in the claimants' job duties justify proceeding as a collective class.[3] *Moss*, 201 F.R.D. at 409. The Eleventh Circuit in *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996), stated that "a unified policy, plan, or scheme of discrimination *may not* be required." *Grayson*, 79 F.3d at 1096 (emphasis added). The *Grayson* court, however, found that the plaintiffs "provided evidentiary support for their contention that they were victims of an age-motivated purge," so the court was not confronted with the question of whether a collective action could proceed despite the absence of a uniform policy or plan. *Id.* at 1097. A district court subsequently explained that in the absence of a uniform policy or plan a collective action should only proceed when it promotes judicial economy. *See Marsh v. Butler*

---

[3] Plaintiff relies on *Bontempo v. Metro Networks Comm. Ltd.*, No. 01-C-8969, 2002 WL 1925911, *1 (N.D. Ill. May 3, 2002), *Vazquez v. Tri-State Mgmt. Co. Inc.*, No. 01-C-5926, 2002 WL 58718, at *2 (N.D. Ill. Jan. 14, 2002), and *Pfaahler v. Consultants for Architects, Inc.*, No. 99-C-6700, 2000 WL 198888, at *2 (N.D. Ill. Feb. 8 2000) to argue that courts in the Northern District of Illinois have allowed claimants to proceed in a collective action if they have performed the same job duties as the named Plaintiffs or if the claimants were victims of a common policy or plan that violated the law. These cases, however, involved the first step of the *ad hoc* test, and this Court is presently at the second step, which is much more stringent. *See Thiessen*, 267 F.3d at 1103.

*County Sch. Sys.*, 242 F. Supp. 2d 1086, 1092 (M.D. Ala. 2003). We agree that in the absence of a uniform policy a collective action should only proceed when it will promote judicial economy.

The final two factors, the existence of individualized affirmative defenses and fairness and procedural concerns, also militate against proceeding as a collective action. Plaintiffs allege that Laidlaw has no individualized defenses and that the case can be decided on a motion for summary judgment. They claim that the fact-intensive determination of hours worked and hours paid will not be required because Laidlaw failed to maintain records as required by the FLSA. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) (stating that an employee can prove a claim upon "any reasonable showing" if the employer fails to maintain proper records). Laidlaw asserts that it kept adequate records and that it will present individualized defenses that will preclude summary disposition. Even this cursory discussion indicates the high likelihood of factual disputes: whether Laidlaw kept adequate records and whether each claimant worked hours for which he was not paid. The fact that the parties have been unable to agree on these basis facts does not bode well for summary disposition, especially when considering the fact that this case is now four years old. Therefore, these two factors do not support certifying Plaintiff's proposed collective action.

Given the absence of a uniform policy, the disparate factual and employment settings, and the likelihood that the case will not be resolved summarily, we decline to certify Plaintiff's proposed collective action. However, we certify a collective action consisting of the named Plaintiffs and the Baltimore claimants because permitting their claims to proceed collectively promotes judicial economy. The local managers of the Schaumburg terminal, where the named Plaintiffs work, and the Baltimore terminal both independently decided not to pay overtime

because they believed that they were exempt from the FLSA's overtime provisions. These individuals, therefore, share similar factual settings that make them similarly situated: they were affected by identical, although unconnected, policies. Finally, as we have certified a collective action we deny Laidlaw's motion to strike the class allegations from the amended complaint.

## CONCLUSION

For the reasons provided above, we partially grant and partially deny Laidlaw's Motion to Deny Certification of a Collective Action. (R. 184-1.) We refuse to certify Plaintiff's proposed collective action, but we certify a collective action that consists of the named Plaintiffs and the Baltimore claimants. Accordingly, we deny Laidlaw's Motion to Strike the Class Allegations from the Amended Complaint. (R. 184-2). A status hearing will be held on March 23, 2004 at 9:45 a.m. to set a firm litigation schedule for the remaining damage issues in this lawsuit.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: March 4, 2004

7